NO. 07-03-0070-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JUNE 24, 2003



______________________________




DAVID GRIFFIN, DEAN FRANKS AND MISTY CEDILLO,


INDIVIDUALLY AND D/B/A COPY NET, APPELLANTS



V.



OFFICE LINE, INC., APPELLEE




_________________________________



FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2002-519,695; HONORABLE BLAIR CHERRY, JR., JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellants David Griffin, Dean Franks, and Misty Cedillo, individually and d/b/a
Copy Net, Inc. filed a Motion to Dismiss Appeal on June 13, 2003, indicating the parties
have settled. 

 Without passing on the merits of the case, appellants' motion for dismissal is
granted and the appeal is hereby dismissed. Tex. R. App. P. 42.1. Having dismissed the
appeal at appellants' request, no motion for rehearing will be entertained, all costs
incurred are adjudged against the party incurring the same, and our mandate will issue
forthwith. 


 Phil Johnson

 Chief Justice















 

 



undOvr"/>
 









NO. 07-09-00283-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



AUGUST
6, 2010

 



 

RODNEY CARROLL KEELING, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 251ST DISTRICT COURT OF RANDALL
COUNTY;

 

NO. 20,539-C; HONORABLE ANA ESTEVEZ, JUDGE



 



 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

            Appellant, Rodney Carroll Keeling,
was convicted of driving while intoxicated[1]
felony offense, and sentenced to ten years in the Institutional Division of the
Texas Department of Criminal Justice (ID-TDCJ).[2]  Appellant gave notice of appeal and appeals
the trial courts denial of a motion to suppress the evidence.  We affirm.

 

 

Factual and Procedural Background

            Appellant
was indicted for the felony offense of driving while intoxicated on April 1,
2009.  Subsequently, appellants trial
counsel filed a motion to suppress the evidence that law enforcement had
gathered after appellants arrest. 
Appellants motion to suppress alleged that the initial stop was in
violation of the law as the officers involved did not observe appellant
driving.  Further, appellant alleged that
the arrest was made without probable cause because appellant had not committed
any violation of the law in the presence of the officers.  Finally, appellant contended that the taking
of a blood sample was illegal because appellants arrest was in violation of
the law.  The trial court held a hearing
on the motion to suppress on August 19, 2009, immediately preceding jury
selection.  

            John
Beighle (Beighle) was the
first witness to testify at the suppression hearing. Beighle
stated that, on February 1, 2009, at approximately 6:30 P.M., he was heading
from Canyon to Amarillo.  As he prepared
to merge onto Highway 60, Beighle observed a vehicle
driving west on Highway 60 in the eastbound traffic lane.  Beighle described
Highway 60 as being a four-lane road with a large median between the east and
west bound lanes.  Beighle
began flashing his lights and honking his horn in an attempt to gain the
drivers attention.  As the vehicle
passed by Beighles location, continuing west in the
eastbound lane, Beighle called 911 and reported the
incident.  Beighle
described the car and the driver to the 911 operator.  The car was described as a four-door car that
was silver-bluish in color.  Beighle testified that the car had the same type of body
design as a Grand Marques or Crown Victoria. 
Beighle described the driver as a male with normal
length gray hair wearing a black cowboy hat and that the driver appeared to be
alone in the vehicle.  Prior to ending
the 911 call, Beighle provided the operator with his
personal contact information.  

              West Texas A&M
police officer Jimmy Godlove (Godlove)
testified that he was driving in the vicinity of the intersection of Highway 60
and FM 2590 when he heard the dispatcher advise that a light blue passenger car
was driving on the wrong side of the road near his location.  The dispatcher advised that the driver of the
vehicle was a white male wearing a black cowboy hat.  Godlove immediately
observed a vehicle matching the dispatchers description and broadcast his
observation over his radio.  Godlove testified that the car he observed was a light blue,
four-door car being driven by a man wearing a black cowboy hat.  Godlove observed
the vehicle drive into an RV park and pull into a parking spot at the first
trailer.  Godlove
testified that Officer David Knepp (Knepp) of the Canyon Police Department drove past Godloves location within a few seconds of his observation
of the vehicle in question.  Godlove made a u-turn and followed Knepp
into the RV park. 
Godlove identified appellant as the driver of
the vehicle he observed.  Godlove testified that, at the time he observed the
silver-bluish vehicle, it was not driving on the wrong side of the road.

            Knepp had received a dispatch at approximately 6:30 P.M.
that there was a vehicle driving on the wrong side of the road in the vicinity
of Highway 60 and FM 2590.  Knepp was advised that the vehicle in question was light
blue in color with four doors.  Knepp testified that, shortly after receiving the dispatch,
he saw a vehicle matching the description pulling into an RV park on the north
side of Highway 60.  Knepp
testified that he pulled in behind the vehicle less than a minute after the
vehicle had stopped in the RV park and that appellant
was in the car by himself.  Knepp further testified that appellant had not gotten out
of his vehicle by the time Knepp arrived in the RV park.  Upon initiating
contact with appellant, Knepp observed appellant
stumble as he got out of his vehicle and noted that he appeared very disoriented.  As Knepp got closer to appellant, he noticed an odor of an
alcoholic beverage on appellants breath. 
Based upon his observations of appellant, Knepp
formed the opinion that appellant was intoxicated and performed a portable
breath test on appellant.  Knepp testified that the results of the portable breath
test were .192, well in excess of the .08 alcohol concentration limit set by
statute.[3]  Based upon his observations of appellant and
the portable breath test, Knepp formed the opinion
that appellant was intoxicated. 
Appellant was arrested and charged with driving while intoxicated.

At the conclusion of the suppression
hearing, the trial court denied the motion to suppress and appellant proceeded
to trial.  The jury convicted appellant
of the offense of felony driving while intoxicated and the same jury assessed
his punishment at confinement in the ID-TDCJ for a period of ten years.  Appellant appeals contending that the trial
court abused its discretion in denying the motion to suppress because appellants: 1) initial detention was without any reasonable
suspicion that appellant had committed a violation of the law, and 2) arrest
was without probable cause.[4]  Disagreeing with appellants arguments, we
will affirm.

Standard of Review

            As
an appellate court, we review the trial courts ruling on a motion to suppress
under an abuse of discretion standard.  See
Carmouche v. State, 10
S.W.3d 323, 327 (Tex.Crim.App. 2000).  In determining whether or not a trial court
has abused its discretion, we view all of the evidence in the light most
favorable to the trial courts ruling.  See State v. Garcia-Cantu, 253 S.W.3d 236, 241 (Tex.Crim.App. 2008). 
If, as is true in the case before us, the trial court has not made
explicit findings of fact, the appellate court infers the necessary factual
findings that support the trial courts ruling if the evidence, viewed in the
light most favorable to the ruling, supports these implied fact findings.  Id. (citing State v. Kelly, 204
S.W.3d 808, 818 (Tex.Crim.App. 2006)).  Therefore, we afford almost total deference
to a trial judges determination of the historical facts that the record
supports, especially when its implicit fact finding is based on an evaluation
of credibility and demeanor.  Id.  Whether a trial courts decision abuses its
discretion depends on whether the decision was outside the zone of reasonable
disagreement.  See Salazar v.
State, 38 S.W.3d 141, 153-54 (Tex.Crim.App.
2001).  Finally, we review the trial
courts application of the law to the facts in determining whether or not
reasonable suspicion or probable cause exist by a de novo standard.   Carmouche, 10 S.W.3d at 327. 

Analysis

            We
will address appellants issues in chronological order, rather than as set
forth in appellants brief.  Initially,
we note that it is undisputed that the detention and eventual arrest of
appellant occurred without benefit of any type of warrant.  Therefore, the State bore the burden of
proving the reasonableness of the stop.  See
Young v. State, 283 S.W.3d 854, 872 (Tex.Crim.App.
2009), cert. denied, 130  S.Ct. 1015,
175 L.Ed.2d 622 (2009).

Initial Detention

            Law
enforcement may briefly detain individuals for investigative purposes on less
information than is constitutionally required for probable cause to
arrest.  See Terry
v. Ohio, 392 U.S. 1, 11 n.5, 88 S.Ct. 1868, 20
L.Ed.2d 889 (1968).  In order to
make an investigative detention, an officer must have a reasonable suspicion
that criminal activity is underway, or soon will be underway, based upon
specific articulable facts and any reasonable
inferences from those facts.  See Brother
v. State, 166 S.W.3d 255, 257 (Tex.Crim.App.
2005).  These facts must amount to more
than a mere hunch or suspicion.  Id.  The factual basis for the reasonable
suspicion need not arise from the officers personal observations, but may be
supplied by another person.  Id.  The reasonableness of a particular detention
will turn on the totality of the circumstances in that particular case.  See Curtis v. State, 238 S.W.3d 376, 380 (Tex.Crim.App.
2007).   

Normally, an anonymous tip will not
carry sufficient indicia of reliability to provide the requisite level of
reasonable suspicion upon which to base a decision to detain a citizen.  See Pipkin
v. State, 114 S.W.3d 649, 654 (Tex.App.Fort
Worth 2003, no pet.).  There must be some
further indicia of reliability, some additional facts from which a police
officer may reasonably conclude that the tip is reliable and a detention is
justified.  See id.  A tip from a citizen may provide the officer
with that additional information that would justify the temporary detention of
a suspect.  See Morgan v. State,
304 S.W.3d 861, 868 (Tex.App.Amarillo 2010, no
pet.).

A citizens tip deserves great weight
when it provides the detailed type of description of the wrongdoing witnessed
firsthand by the citizen.  Id.  Such is especially true when the citizen is
not associated with law enforcement and places themselves in a position to be
held accountable for their intervention. 
Id.

Here, the civilian witness, Beighle, was proceeding from Canyon to Amarillo and
observed a vehicle driving on the wrong side of a divided highway.  The record reflects that he attempted to gain
the drivers attention to no avail.  Only
after being unable to attract the attention of the driver did Beighle intervene by calling the 911 operator.  In addition to giving the 911 operator a
description of the appellants driving, Beighle also
identified the specific location where the transgression was ongoing and
described both the vehicle involved and some identifying characteristics of the
driver.  At the conclusion of the call, Beighle willingly gave his contact information to the 911
operator.  A short time later, the record
reflects that another officer contacted Beighle and
he again went over the facts that he observed. 
Additional confirmation is presented in the form of the almost immediate
observations of Godlove.  Although the fact that the vehicle matched
the general description provided by Beighle is
important, the fact that Godloves observation of the
vehicle occurred almost immediately provides additional indicia of
reliability.  Finally, there are the
observations of Knepp regarding the description and
location of the vehicle and description of the driver.  When all of these observations are viewed
together in the totality of the circumstances, it is obvious to this court that
Knepp had reasonable suspicion to believe that a
crime was being committed and that the driver of the car, appellant, was
committing it.  See Curtis,
238 S.W.3d at 380. 
Therefore, the initial detention of appellant was lawful.  See Young, 283
S.W.3d at 872.  Appellants second
issue is overruled.

Probable Cause to Arrest

            Appellants
first and third issues both appear to contest the probable cause for the arrest
of appellant at his residence. 
Accordingly, we will address them together.

            As
stated above, the arrest of appellant was without a warrant,
therefore, for the arrest to be reasonable, the officer must have probable
cause to believe that an offense has been committed in his presence.  See Amador v. State, 275 S.W.3d 872, 878 (Tex.Crim.App.
2009).  Probable cause exists for a
warrantless arrest when, at the moment the arrest is made, the facts and
circumstances known to the arresting officer are sufficient to warrant a
prudent man to believe that the person arrested had committed or was committing
the offense in question.  Id.  Finally, the test for probable cause is an
objective one, unrelated to the subjective beliefs of the arresting officer,
and requires consideration of the totality of the circumstances facing the
arresting officer.  Id.  

            Appellants
primary challenge to the officers conclusion that probable cause to arrest
existed is the fact that the officers involved did not see appellant driving
the wrong way on the divided highway. 
Such a recitation of the record is correct, however; that fact does not
control this case.  

            We
have previously discussed the use of the citizen informants information by the
officers in arriving at a reasonable suspicion to detain appellant.  Once that issue has been determined, then the
question becomes did appellant demonstrate any characteristics that would lead
a reasonable person to believe that he was intoxicated.  If so, then all of the elements of driving
while intoxicated would have been present in a quantum sufficient to reach
probable cause.  Driving while
intoxicated consists of a person driving or operating a motor vehicle in a
public place while intoxicated.  See
Tex. Penal Code Ann. § 49.04(a).

            The
evidence at the suppression hearing indicated the following: 1) both officers Godlove and Knepp observed
appellant driving on a public road; 2) both officers were present when
appellant got out from behind the wheel of the vehicle; 3) no other person was
in the vehicle with appellant; 4) Knepp dealt with
appellant and had the opportunity to observe appellants actions; 5) as
appellant was getting out of his vehicle, he appeared to stumble and be
disoriented; 6) Knepp smelled an odor of alcoholic
beverage on appellants breath; 7) appellant was given a field breath test and
the result was .192; 8) Knepp declined to give
appellant further field sobriety tests out of concern that appellant was going
to injure himself; 9) based upon his experience as an officer and observations
at the scene, Knepp formed the opinion that appellant
was intoxicated.  When the totality of
this information is considered, we believe that a prudent man would believe
that appellant had driven a motor vehicle while intoxicated; therefore,
probable cause existed for appellants arrest. 
See Amador, 275 S.W.3d at 878.  If probable cause for the arrest of appellant
existed, the trial court did not abuse its discretion in overruling appellants
motion to suppress because such a decision was clearly not outside the zone of
reasonable disagreement.  See Salazar,
38 S.W.3d at 153-54. 
Accordingly, appellants first and third issues are overruled.

Arrest Without
a Warrant

            Appellants
final issue contends that the trial court abused its discretion by overruling
the motion to suppress because the arrest of appellant was without a
warrant.  Such is a true statement;
however, since the initial detention of appellant was, as we have held, based
upon reasonable suspicion, see Young, 283 S.W.3d at 872, and,
further, since the decision to arrest appellant was based, again as we have held,
on probable cause, see Amador, 275 S.W.3d at 878, the arrest of
appellant did not require a warrant. 
Therefore, the trial court did not abuse its discretion.  See Salazar, 38
S.W.3d at 153-54.

Conclusion

            Having
overruled appellants issues, we affirm the judgment of the trial court.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

Do not publish.  











[1] See Tex. Penal Code Ann. § 49.04(a) (Vernon 2003).

 





[2] See Tex.
Penal Code Ann. § 49.09(b)(2) (Vernon Supp.
2009).





[3] See Tex.
Penal Code Ann. § 49.01(2)(B) (Vernon 2003).

 





[4] Appellants brief lists four issues.  However, the first and third issues are the
same, and the fourth issue is subsumed by the other issues.